AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Ethan Irwin Mays | ) | Case No.  6:25-mj-00053-HBK |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___November 11th, 2025___ in the county of ___Mariposa___ in the ___Eastern___ District of ___California___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 36 CFR 2.4 (c) | -Improper carry of a loaded firearm in a motor vehicle. |
| 36 CFR 2.4 (g): CPC 21510(a) | -Carrying or possessing weapon, trap, or net in violation of applicable Federal and State regulation: Possessing a switchblade knife in a vehicle. |
| 36 CFR 2.32(a)(3)(i) | -Knowingly giving false information to an authorized person |

This criminal complaint is based on these facts:

See affidavit attached hereto and incorporated by reference.

☑ Continued on the attached sheet.

_____
_Complainant's signature_

John Hesdon U.S. Park Ranger
_____
_Printed name and title_

Sworn to me in accordance with Fed.R.Crim.P. 4.1.

_____
_Judge's signature_

Date: ___11/12/2025___

City and state: ___Yosemite National Park, California___      Helena M. Barch-Kuchta US Magistrate Judge
_____
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

### BACKGROUND OF AFFIANT

1. I, John Hesdon, further state, I am a Law Enforcement Officer ("Officer"), employed by the National Park Service ("NPS"). I have been employed in this capacity for approximately 8 years. I have graduated from law enforcement academies at Temple University as well as the Federal Law Enforcement Training Center in Georgia. I act as a Field Training Officer, training new officers to the NPS, and have been awarded for my service to the program. I frequently deal with drug and alcohol related offenses, and regularly train others on contacts involving possession of a controlled substance, firearms, and other offenses.

2. The facts of this criminal complaint are based on my personal observations, on my training and experience, as well as my consultation with other LEOs. This affidavit is intended to show merely that there is sufficient probable cause for the criminal complaint and does not set forth all my knowledge about this matter.

### JURISDICTION

3. The facts set forth in this criminal complaint occurred on November 11th, 2025, within the geographic boundaries of Yosemite National Park, California. Yosemite National Park is an area of federally owned public land administered by the NPS. Yosemite National Park is an area of the special maritime and territorial jurisdiction of the United States as defined by Title 18 U.S.C. § 7 (3): "Special maritime and territorial jurisdiction of the United States defined" and by Title 16 U.S.C. § 57: "Yosemite and Sequoia National Parks; exclusive jurisdiction of United States."

PAGE 1 OF 6

4. Yosemite National Park is located within Mariposa, Madera, Mono and Tuolumne Counties, all of which are located within the Eastern District of California.

## CHARGES

5. Based upon the facts set forth in this criminal complaint, I believe probable cause existed that Ethan Irwin Mays (MAYS) violated the following laws of the United States on November 11th, 2025, within Yosemite National Park:

   a. *Improper Carry of a loaded weapon in a motor vehicle in violation of Title 36 Code of Federal Regulations 2.4(c).*

   *Maximum penalty: 6 months imprisonment, and/or $5000 fine*

   b. *Carrying or possessing weapons, traps, or net in violation of applicable Federal and State regulations: Possession of a switchblade knife in the passenger's or driver's area of any motor vehicle in violation of Title 36 Code of Federal Regulations 2.4(g) Adopting California Penal Code 21510(a).*

   *Maximum penalty: 6 months imprisonment, and/or $5000 fine*

   c. *Knowingly giving false information to an authorized person investigating an accident or violation of law or regulation in violation of Title 36 Code of Federal Regulations 2.32(a)(3)(i).*

   *Maximum penalty: 6 months imprisonment, and/or $5000 fine*

## PROBABLE CAUSE

6. On November 11th, 2025, at approximately 12:00PM, U.S. Park Ranger Natalie Woller was patrolling in a marked patrol vehicle on Southside Drive, parked at the El Capitan Cross area. She observed a white Ford Fusion with Florida Plates and a blue bike attached to the trunk drive past her vehicle traveling East bound. Officer Woller recognized this vehicle from a previous call from the Yosemite Emergency Communications Center of a reckless driver who was speeding and crossing over the double yellow line near the Arch Rock Entrance Station.

7. Officer Woller drove behind the vehicle and noticed the license plate on the rear of the vehicle was obstructed by a blue bike and was unreadable.

8. Officer Woller conducted a vehicle stop at the entrance to Cathedral Beach, off the right side of Southside Drive. The driver of the vehicle was contacted and identified by his Florida Driver's License as Ethan Irwin Mays (MAYS). Officer Woller asked MAYS if he had any guns in the vehicle. MAYS stated "No."

9. While contacting MAYS, Officer Woller smelled and observed an odor diffuser hanging from the ceiling of the back passenger side of the vehicle. Based on Officer Woller's training and experience ofor diffusers can be used to cover the smell of drugs inside of a vehicle. While MAYS was looking in a black binder for the vehicle's registration, and the vehicle's insurance, Officer Woller asked MAYS if he had any marijuana in the vehicle. MAYS stated, "Umm yes, yes there is." MAYS pointed to the right side of the vehicle and stated, "It is over here, and it is not a lot."

10. Officer Woller stated she would be conducting a probable cause vehicle search due to the marijuana in the vehicle.

11. Myself and officer Justin Fey arrived on scene at approximately 12:20PM to assist with the vehicle search. Supervisory Ranger Ian Rippetoe and Officer Justin Ayers arrived on scene during the search to assist with documenting the weapons that were found. A probable cause vehicle search was conducted based on the Carroll Doctrine, and the following items were found:

12. A total of six pistols and one rifle, four automatic switch blade knives, two cans of pepper gel, one can of bear spray, brass knuckles, sixteen large-capacity rifle magazines and two large-capacity pistol magazines. Twelve of the large-capacity rifle magazines were loaded with ammunition. According to the California Penal Code 32310 (c) it is illegal to possess magazines with a capacity greater than ten rounds.

13. One pistol was found in the pocket behind the driver seat of the vehicle with a fully loaded magazine and a round inside of the chamber. The assault rifle was found in an unlocked, soft-sided case in the trunk of the vehicle. It did not have magazine loaded but it did have a round in the chamber. An assault weapon in the State of California is a semiautomatic, centerfire rifle that does not have a fixed magazine but has any one of the following: A pistol grip that protrudes conspicuously beneath the action of the weapon; A thumbhole stock; A folding or telescoping stock; A grenade launcher or flare launcher; A flash suppressor; or A forward pistol grip. The rifle that Officer Woller seized was a semiautomatic centerfire rifle without a fixed magazine, a pistol grip, and telescoping stock and a flash suppressor.

14. Two switchblades were found in ammo containers in the open trunk of the vehicle.

15. MAYS did not have a Concealed Weapons Permit valid in the state of California at the time of this incident. None of these firearms were in locked containers when found. The rear seats of this vehicle were down at the time of this incident, allowing access to the trunk from the

PAGE 4 OF 6

passenger compartment. California Penal Code 25610 states that firearms may only be carried in a vehicle if unloaded and in a locked container. MAYS was the only occupant of the vehicle and records showed the vehicle was registered to him. MAYS stated he had been traveling from Oregon after losing employment and that he had living out of his vehicle.

16. One marijuana drink was found open inside of a box accessible to the driver on the front passenger seat. One marijuana vape pen and one marijuana joint was found in the center console of the vehicle. Approximately two ounces of marijuana flower, and 10 marijuana vape cartridges were found in the back passenger seat area of the vehicle.

17. Based on MAYS' possession of six firearms, 4 of which were loaded and none of which were secured, as well as two switchblades, and MAYS lying to officers about the presence of weapons, probable cause existed for the charges listed above.

18. Officer Rippetoe and Officer Woller placed MAYS under arrest. Officer Ayers conducted a search incident to arrest of MAYS' person. MAYS was placed in the back of a patrol vehicle and transported to the Mariposa County Jail by myself.

## CONCLUSION

Based on the forgoing facts of this affidavit, I believe probable cause existed for the arrest of Ehtan MAYS for the improper carry of a loaded weapon in a motor vehicle, carrying or possessing switchblade knives in violation of California law, and knowingly providing false information by stating he did not have weapons when he was asked.

Respectfully submitted,

PAGE 5 OF 6

United States Park Ranger John Hesdon
National Park Service
11/12/2025

Subscribed and sworn to before me on:

Helena M Barch-Kuchta
The Honorable
United States Magistrate Judge
11/12/2025

Approved as to form by:

/s/ Briana Vollmer

Briana M Vollmer
Acting Law Enforcement Specialist
(Rule 180)
11/12/2025